IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEFRANTZE LUCAS NOEL,

    Petitioner,                                                       No. CIV S- 07-2590 LEW GGH P

    vs.

SACRAMENTO COUNTY
SUPERIOR COURT,                             FINDINGS AND RECOMMENDATIONS

    Respondent.

                                   /

          Petitioner, an inmate at Sacramento County Main Jail, has filed a petition entitled "petition for writ of mandamus...."  Petitioner states that he is currently a defendant in a pending state court criminal case, Case No. 07F08735.  Petition, p. 4.  Petitioner herein objects to the state court's ruling as to several of his motions in this on-going criminal action, rulings which he has evidently attempted to appeal through the state supreme court.  Petition, pp. 4-13.  The gravamen of the instant putative petition is petitioner's request that this court issue a writ of mandate directing the state court to grant his motion to dismiss the charges against petitioner pursuant to Cal. Penal Code § 1382(a)(1)[1] for failure to file an information within fifteen (15)

---

[1] "§ 1382. Failure to file information or bring case to trial within time limit; dismissal
(a) The court, unless good cause to the contrary is shown, shall order the action to be dismissed

1

days after he was held to answer.  Petition, p. 9.

This court must recommend summary dismissal of this petition.  In the first place, petitioner's request that this court to mandate that the state court grant, inter alia, his motion to dismiss the pending state court criminal matter must be denied as frivolous because federal courts lack jurisdiction to issue a writ of mandamus to a state court "to compel a state court to take or refrain from some action."  <u>Demos v. United States Dist. Court for the E. Dist. of Wash.</u>, 925 F.2d 1160, 1161-1162 (9th Cir. 1991), citing 28 U.S.C. § 1651.

Second,

> Supreme Court precedent tells us that comity is the main reason for federal court restraint in the face of ongoing state judicial proceedings, and another is to avoid unwarranted determinations of federal constitutional law. For these reasons, federal courts should almost never enjoin state criminal proceedings; federal courts should also refrain from exercising jurisdiction in actions for declaratory relief because declaratory relief has the same practical impact as injunctive relief on a pending state proceeding as a result of the preclusive effect of the federal court judgment....

<u>Gilbertson v. Albright</u>, 381, F.3d 965, 975 (9th Cir. 2004), citing, inter alia, <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746 (1971).  <u>See</u> <u>also</u>, <u>H.C. v. Koppel</u>, 203 F.3d 610, 613 (9th Cir.2000) (quoting <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431,  102 S.Ct. 2515 (1982))("[i]n <u>Younger</u>, the Supreme Court "'espouse[d] a strong  federal policy against federal-court interference with pending state judicial proceedings.'")

Therefore, both for lack of jurisdiction and the principles articulated in <u>Younger</u>, <u>supra</u>, this court must recommend denial of petitioner's request that this court intervene in an on-going state court criminal matter.

Accordingly, IT IS HEREBY RECOMMENDED that the "petition for writ of mandamus" be summarily dismissed and this action be closed.

---

in the following cases:
(1) When a person has been held to answer for a public offense and an information is not filed against that person within 15 days."

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, petitioner may file written
4 objections with the court.  Such a document should be captioned "Objections to Magistrate
5 Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
6 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
7 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/19/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
noel.fr